Chief Approval

2021 NOV 16  PM 1:02

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.  2:21-cr- 106-TPB-NPM

ROBERTO ARMANDO MIMMO

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Karin Hoppmann, Acting United States Attorney for the Middle District of

Florida, and the defendant, Roberto Armando Mimmo, and the attorneys for

the defendant, Douglas Molloy and Danielle O'Halloran, mutually agree as

follows:

A.    **Particularized Terms**

1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One of the

Information.  Count One charges the defendant with Fraud in Connection

with a Major Disaster or Emergency, in violation of 18 U.S.C. § 1040.

2.    Maximum Penalties

Count One carries a maximum sentence of thirty (30) years

imprisonment, a fine of $250,000.00, a term of supervised release of not more

than five (5) years, and a special assessment of $100.  With respect to certain

Defendant's Initials _RM_

offenses, the Court shall order the defendant to make restitution to any victim

of the offense, and with respect to other offenses, the Court may order the

defendant to make restitution to any victim of the offense, or to the

community, as set forth below.

    3.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and

elements of the offense(s) with which defendant has been charged and to

which defendant is pleading guilty.  The elements of Count One are:

| First: | The defendant knowingly made a materially false or fraudulent statement or representation; |
|---|---|
| Second: | the statement or representation was in connection with a benefit; |
| Third: | the benefit was in connection with a major disaster declaration under Title 42 of the United States Code; and |
| Fourth: | the benefit was a record, voucher, payment, money, or thing of value of the United States or the Federal Emergency Management Agency. |

    4.    Indictment Waiver

Defendant will waive the right to be charged by way of

indictment before a federal grand jury.

    5.    No Further Charges

If the Court accepts this plea agreement, the United States

Attorney's Office for the Middle District of Florida agrees not to charge

Defendant's Initials _____ *RM*

2

defendant with committing any other federal criminal offenses known to the

United States Attorney's Office at the time of the execution of this agreement,

related to the conduct giving rise to this plea agreement.

6.      Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will

recommend to the Court that the defendant be sentenced within the

defendant's applicable guidelines range as determined by the Court pursuant

to the United States Sentencing Guidelines, as adjusted by any departure the

United States has agreed to recommend in this plea agreement. The parties

understand that such a recommendation is not binding on the Court and that,

if it is not accepted by this Court, neither the United States nor the defendant

will be allowed to withdraw from the plea agreement, and the defendant will

not be allowed to withdraw from the plea of guilty.

7.      Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse

information is received suggesting such a recommendation to be unwarranted,

the United States will recommend to the Court that the defendant receive a

two-level downward adjustment for acceptance of responsibility, pursuant to

USSG § 3E1.1(a). The defendant understands that this recommendation or

Defendant's Initials                 3

request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.    Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this

Defendant's Initials _____          4

recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

**B.    Standard Terms and Conditions**

1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure

Defendant's Initials _RW_                    5

that this obligation is satisfied, the Defendant agrees to deliver a cashier's

check, certified check or money order to the Clerk of the Court in the amount

of $100, payable to "Clerk, U.S. District Court" within ten days of the change

of plea hearing.

The defendant understands that this agreement imposes no

limitation as to fine.

2.    Supervised Release

The defendant understands that the offense(s) to which the

defendant is pleading provide(s) for imposition of a term of supervised release

upon release from imprisonment, and that, if the defendant should violate the

conditions of release, the defendant would be subject to a further term of

imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon

conviction, a defendant who is not a United States citizen may be removed

from the United States, denied citizenship, and denied admission to the

United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the

Court and the United States Probation Office all information concerning the

Defendant's Initials _____        6

background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.     Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the

Defendant's Initials _____     7

previous five years.  The defendant similarly agrees and authorizes the United

States Attorney's Office to provide to, and obtain from, the United States

Probation Office, the financial affidavit, any of the defendant's federal, state,

and local tax returns, bank records and any other financial information

concerning the defendant, for the purpose of making any recommendations to

the Court and for collecting any assessments, fines, restitution, or forfeiture

ordered by the Court.  The defendant expressly authorizes the United States

Attorney's Office to obtain current credit reports in order to evaluate the

defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to

nor bound by this agreement.  The Court may accept or reject the agreement,

or defer a decision until it has had an opportunity to consider the presentence

report prepared by the United States Probation Office.  The defendant

understands and acknowledges that, although the parties are permitted to

make recommendations and present arguments to the Court, the sentence will

be determined solely by the Court, with the assistance of the United States

Probation Office.  Defendant further understands and acknowledges that any

discussions between defendant or defendant's attorney and the attorney or

other agents for the government regarding any recommendations by the

Defendant's Initials __*RM*__                    8

government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials _RLM_                9

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which

Defendant's Initials _RUU_                    10

defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant's Initials _____        11

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

On September 4, 2017, Hurricane Irma made landfall in Florida with hurricane force winds and heavy rain. On September 10, 2017, the President of the United States declared that a major disaster existed in Florida under Title 42 of the United States Code, to include Lee County, due to Hurricane Irma and backdated the declaration to September 4, 2017. As a result of that presidential declaration, people in affected areas were eligible to apply for disaster assistance from the Federal Emergency Management Agency (FEMA), an agency of the United States. FEMA offered different types of disaster assistance to people in the areas affected by Hurricane Irma. One such program was the Individuals and Households Program (IHP), which provided financial benefits in the form of money to eligible beneficiaries.

On September 15, 2017, Roberto Armando Mimmo (Mimmo), while in Lee County, Florida, submitted an application to FEMA, via the internet, for disaster assistance benefits. In the application, Mimmo claimed he was residing at 18600 San Carlos Blvd, #1, Fort Myers Beach, Florida at the time

Defendant's Initials _RAM_          12

of the disaster. Mimmo further claimed that his residence was damaged by the

disaster and listed the cause of the damage as "Flood; Hail/Rain/Wind

Driven Rain; Tornado/Wind" in the application. Mimmo's residence was a

houseboat, that was docked in a marina boat slip that he rented on a month-

to-month basis.

As part of the claim review process, FEMA conducted multiple

inspections of Mimmo's houseboat to determine the extent of the damage

caused by Hurricane Irma. The FEMA inspectors observed the houseboat was

sunken and, based on misrepresentations made by Mimmo concerning the

cause of the damage, concluded the houseboat was destroyed by the disaster.

As a result, FEMA approved and issued Mimmo a total of $33,300 in Home

Repair Assistance. FEMA also provided Mimmo $1,912 for two months of

Rental Assistance. In total, Mimmo received approximately $35,212 in

assistance from FEMA, which was deposited into his bank account.

Follow up investigation by DHS-OIG Special Agent (SA) Vincent

Vazquez determined that Mimmo's houseboat had sunk months prior to

Hurricane Irma's landfall. Specifically, based on interviews of witnesses and

other evidence, SA Vazquez determined Mimmo's houseboat sunk in

December of 2016 and was never repaired thereafter. Additionally, during a

voluntary interview with SA Vazquez, Mimmo admitted the houseboat sunk

Defendant's Initials _____        13

in December 2016 and that he was not residing in the houseboat at the time of the disaster. Further, Mimmo admitted to filing a false FEMA claim and to making false statements to FEMA.

12.     Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.     Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _12TH_ day of November, 2021.

KARIN HOPPMANN
Acting United States Attorney

_____
Roberto Armando Mimmo
Defendant

_____
Trenton J. Reichling
Assistant United States Attorney

_____
Douglas Molloy
Attorney for Defendant

_____
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division

_____
Danielle O'Halloran
Attorney for Defendant

Defendant's Initials _RM_                    14