IN THE COURT OF THE MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
    Plaintiff,

CASE NO. 2:21-cr-106-TPB-NPM

v

ROBERTO ARMANDO MIMMO
    Defendant.

JUDGE: Thomas P. Barber

### DEFENDANTS SWORN MOTION TO WITHDRAW PLEA. AND VACATE AND SET ASIDE JUDGEMENT ENTERED

COMES NOW the defendant Roberto Armando Mimmo pursuant to rule 3.850, Fla. R. Crim., and 3.172(c)(8) moves this Honorable court to allow him to withdraw his previous entered guilty plea, vacate and set aside the judgment entered and the sentence imposed in this case and allow the Defendant to proceed to trial. In support of his motion, the defendant would state the following:

### BACKGROUND AND PROCEDUAL HISTORY

1. The defendant is a native and citizen of Italy that entered the U.S. as a Legal Permanent Resident in 1966.

2. The Defendant was advised by Homeland Security of possible Indictment for the Charge of Fraud in October 2021 and subsequently negotiations were started between Defendants attorneys and the Federal Prosecutor for a plea agreement in November 2021.

3. On December 2, 2021 the Defendant entered a plea agreement with the Federal Government for the above stated charge. In exchange for his plea of guilty to the one count, the Court: **(judgment; See Information Attached Exhibit 1)**

4. On December, 8 2022 the Department of Homeland Security put a hold on the Defendant and ultimately placed him in Removal Proceeding for the conviction in the instant case.

5. The Court transcripts reveal the Defendant was not properly advised of the immigration consequences that could be faced as a result of entering a plea of guilty or not contest **(transcripts: See Information Attached Exhibit 2)**

6. No post-conviction relief motions of petitions, applications have previously been filed with this court or any other, and none are presently pending.

7. As grounds in support of this motion, the defendant states that the conviction obtained in this case by his guilty plea was not made voluntarily with an understanding of the nature of the charge and the consequences of the plea in violation of his legal constitutional right under the Due Process Clause of the Fifth and Fourteenth Amendments to ensure that a Defendant's plea is knowing, voluntary and intelligent prior to accepting the plea.

8. Further, the Defendant's guilty plea was not knowingly and voluntarily made because neither his lawyers nor the trial Court adequately informed the Defendant of certain consequences of the plea, as required by <u>Padilla v Kentucky.</u> 130 S. Ct. 1473(2010). Thus the judgment was entered and the sentence was imposed in violation of the Defendant's right to effective assistance of counsel guaranteed by the sixth Amendment, U.S. Constitution, and Article 1, section 16 of the Florida Constitution.

9. Had the Defendant known that he would be deported as a result of his guilty plea, he would not have done so.

10. Hence, as a result of entering the plea, the Defendant was placed in deportation proceedings and the subsequently master hearing scheduled to be deported on March 3 2023 and is being held at Krome detention center in Miami, Florida 33194.

### **LEGAL ARGUMENT**

Florida Rule of Criminal Procedure 3.172(C)(8) requires trial courts to specifically advise defendants of the possibility of deportation as a consequence of entering pleas of guilty or nolo contendere (no contest)

The Florida Supreme Court has created standards under which a petition for post conviction is to be considered. In State v. Green, 944 So. 2d 208 (Ha. 2006).

In the interest of fairness, the Florida Supreme Court has created a two year time period for Defendants whose cases are already final which commences from the date the Supreme Court rendered its decision in Green October 26, 2006.

The Federal Law which renders the Defendant subject to deportation is Section 237 (a) (2) (A) (iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, one has been convicted of an aggravated felony as defined in section 101 (a) (43) (M) (i) of the Act, a law relating to Fraud would be subject to **mandatory** deportation.

Defendants counsel did discuss the possibility of Deportation with him, however, they did not inform the Defendant that this charge was an offense that would subject him to **mandatory** deportation and the Court never inquired of the Defendant's understanding of the plea that was entered as required, and whether he knew that entering in the plea would result in mandatory deportation nor even mentioned the possibility of deportation.

The Florida Supreme Court found that a trial Court's admonishment to a criminal Defendant about the possible immigration repercussions of conviction does not necessarily cure a defense attorney's deficient performance. Hernandez v State, No. SC 11-941 & SC 11-1357, slip op. (Fla. Nov. 21 2012) (Polston, Lewis, Qui9nce, Canaday, Labarga and Perry, JJ.; Pariente concurs).

The Florida Courts have also addressed the issues concerning the Judges responsibility in Flores v. State, 57 So. 3d. 218 (Fla. 4th DCA 2010) and in Castano v. State, 65 So. 3d 546 (Fla. 5th DCA 2011). The Fourth and Fifth District Court of Appeals held that any prejudice arising from Counsel's mis-advice in relation to immigration consequences of a plea is cured when the Court

give the deportation warnings, however the court transcripts show that the Judge did not give said warnings. **(See transcripts: Information Attached Exhibit 2)**

Also, it was well established that the written plea agreement alone did not suffice to refute a claim under Fla. R. Crim., and 3.172(c)(8) and neither the signing of the waiver form, or the reading of the written plea agreement to Defendant by his trial counsel, could alone satisfy the rules requirement that the judge actually ascertain in open court that the inmate understand the possible consequence of a conviction on his Resident Alien status. Garcon v. State 23 So. 3d 1286. (2010 Fl., App lexis 15(Fla. 4th DCA 2010), so even if a plea explanation form of the possibility of deportation was signed by Mr. Mimmo, it does not satisfy the rules requirement that the judge actually ascertain in open court that the inmate understand the possible consequence of a conviction on his Resident Alien status.

The Florida Supreme Court addressed a case where a Defendant signed a form which described in detail the rights he was waving, but where colloquy between the Judge and the Defendant was brief and failed to mention the fundamental rights that the Defendant was giving up. The Defendant did tell the trial Court that he had discussed the rights waiver form with his attorney, but there is nothing on the record to reflect the Defendant's education level or what his attorney told him about the plea. Based on these inadequacies, the Supreme Court reversed Mr. Koenig's plea. Koening v. State 597 So. 2d 256 (Fla. 1992),

Long before Padilla, Judges in criminal Courts have had the responsibility under Due process Clauses of the Fifth and Fourteenth Amendments to ensure that a Defendant's plea is knowing, voluntary and intelligent prior to accepting it. A Court must make a determination regarding a plea's voluntariness on the record by "canvassing the matter with the accused to make sure the Defendant has full understanding of what the plea connotes and of its consequence."

Florida Rule of Criminal Procedure 3.172(c)(8)codifies the steps that the Judge must take during the plea colloquy before accepting a plea to ensure that the plea is being entered into freely and voluntarily. It requires that Judges advise the Defendant that if they are not a U.S. citizen they could be deported as a result of accepting the plea.

More specifically it states the following:

"(A) If the defendant is not a citizen of the United States, a finding of guilt by the court and the court's acceptance of the defendant's plea of guilty or no contest, regardless of whether adjudication of guilt has been withheld, may have the additional consequence of changing his or her immigration status, including deportation or removal from the United States.

(B) The court should advise the defendant to consult with counsel if he or she needs additional information concerning the potential deportation consequences of the plea.

(C) If the defendant has not discussed the potential deportation consequences with his or her counsel, prior to accepting the defendant's plea, the court is required, upon request, to allow reasonable amount of time to permit the defendant to consider the appropriateness of the plea in light of the advisement described in this section.

(D) If admonition should be given to all defendants in all cases, and the trial court must not require at the time of entering that the defendant disclose his or her legal status in the United States."

Therefore the Defendant Roberto Armando Mimmo did not receive the Due Process protection the Florida courts have provided for defendants in Flores v. State 57 So. 3d 218 (Fla.

4th DCA 2010) and in Castano v. State, 65 Sl. 3d 546 (Fla. 5th DCA 2011) since the Judge in his case never gave him any such advise. **(See transcripts, Information Attached exhibit 2)**

## CONCLUSION

Based on the rulings and case laws cited above, Mr. Mimmo is clearly entitled to relief because of his guilty plea was not made voluntarily with an understanding of the nature of the charge and the consequences of the plea in violation of his legal and constitutional right under Due Process Clause of the Fifth an Fourteenth Amendments; U.S Constitution, and Article 1, Section 16 of the Florida Constitution since his plea subjects him to deportation pursuant to 8 USC 1227 (2)(E)(i) and he would not have taken this plea had the Court or his attorney made it clear to him that he would be subject to mandatory deportation as a result of the plea.

Wherefore Defendant Roberto Armando Mimmo requests this Honorable Court Grant his Motion to withdraw his previously entered guilty plea, vacate and set aside the judgment entered and the sentence imposed in this case and allow the defendant to proceed to trial in the case number 2:21-cr-106-TPB-NPM

## CERTIFICATATION

I CERTIFY that a copy of this motion was delivered to the Office of the Federal Attorney of the Middle District of Florida at:

_____

_____

on this day _____

_____
Roberto Armando Mimmo